# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON YLARDE,<br><br>        Plaintiff,<br><br>   v.<br><br>A. McGRAW, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:05-CV-00390-OWW-LJO-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.     Screening Order

      A.     Screening Requirement

Plaintiff Nelson Ylarde ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 24, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Claims

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison, where plaintiff is presently incarcerated. Plaintiff names Warden James A. Yates, former Warden Gail Lewis, California Department of Corrections Director S. Woodford, A. McGraw, J. Hurl, M. Fogleman, M. Y. Sparkman, R. H. Trimble, V. Ramirez, Nancy Grannis, and T. Surges as defendants. Plaintiff is seeking monetary and injunctive relief.

The claims in this action stem from an incident on May 31, 2003, in which plaintiff was allegedly attacked by inmate Lopez on the yard and injured. Following the attack, plaintiff was charged in a Rules Violation Report (CDC-115) with mutual combat. Plaintiff was subsequently found guilty of the charge and assessed a ninety day time credit loss. (Exhibit B.) In addition, plaintiff lost yard privileges for thirty days. (Id.)

///
///
///
///
///

1.   Section 1983 Claims[1]

    a.   Claim Arising From Attack by Inmate Lopez

        1)   Eighth Amendment Failure-to-Protect Claim

Plaintiff appears to be alleging that his Eighth Amendment rights were violated by the attack on him by inmate Lopez. The only Eighth Amendment claim that might arise from such an attack is one based on the failure to protect plaintiff from harm.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

---

[1] Plaintiff's identification of his three claims is imprecise. Within each claim, plaintiff alleges multiple claims for relief. Further, some of the claims alleged are alleged in more than one of plaintiff's three enumerated claims. The court has reviewed plaintiff's complaint and separated out what appear, based on plaintiff's factual allegations, to be plaintiff's federal claims. Plaintiff is informed that a separately enumerated "claim" should consist of one claim. For example, a "claim" based on the violation of the Eighth Amendment, Due Process Clause, and Equal Protection Clause constitutes three separate claims and should be set forth that way.

Plaintiff has not alleged any facts that would support a claim that any of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] . . . safety." Farmer v. Brennan, 511 U.S. at 837. The alleged fact that plaintiff was attacked by another inmate does not translate into a violation of plaintiff's rights under the Eighth Amendment. Defendants may only be subject to liability if they knew of a substantial, or excessive, risk and disregarded it. There are no factual allegations in the complaint that demonstrate that any of the defendants knew inmate Lopez presented a substantial risk to plaintiff prior to the attack but failed to abate that substantial risk. Accordingly, the alleged attack on plaintiff does not give rise to a claim for relief against any of the named defendants for violation of the Eighth Amendment.

        b.      Claims Arising From Disciplinary Proceedings

            1)      Eighth Amendment Claim

To the extent that plaintiff is attempting to state a claim for violation of the Eighth Amendment based on the issuance of the Rules Violation Report and the subsequent disciplinary proceedings, such a claim fails as a matter of law. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

The subjection of plaintiff to disciplinary proceedings does not trigger the protections of the Eighth Amendment, even if the proceedings are based on a false charge, as plaintiff alleges. A disciplinary proceeding does not constitute a deprivation "sufficiently grave to form the basis of an Eighth Amendment violation." Id. Accordingly, plaintiff fails to state a claim upon which relief

///

may be granted against any of the defendants under the Eighth Amendment based on the disciplinary proceeding at issue in the complaint.

### 2) Due Process Claim

Plaintiff lost time credits as a result of being found guilty of mutual combat. Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing. Plaintiff has alleged no facts suggesting that the result of his disciplinary hearing was overturned. Rather, plaintiff's exhibits establish that plaintiff's attempts to challenge the disciplinary hearing failed. Accordingly, plaintiff may not pursue a due process claim based on the issuance of the disciplinary violation itself and/or the process provided to plaintiff in relation to the disciplinary violation.

### c. Claim Arising From Inmate Appeals Process

Plaintiff alleges that his inmate appeal was initially screened out and then the resolution of the appeal was delayed until October 23, 2003. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.

DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendants violated his rights under federal law. Accordingly, plaintiff fails to state any claims upon which relief may be granted against the named defendants based on the handling and resolution of his inmate appeal.

         d.  Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Although plaintiff alleges defendants violated the Equal Protection Clause, plaintiff has not alleged any facts that give rise to a cognizable equal protection claim.

///

e.      Conspiracy Claim

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Although plaintiff alleges that defendants conspired to violate his rights, plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants. The conclusory assertion that there was a conspiracy is insufficient. Further, plaintiff has not alleged facts demonstrating that defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, plaintiff must establish that defendants conspired to violate an underlying constitutional right.

2.      State Law Claims Based on Violation of State Code Sections

Plaintiff alleges that all of the named defendants violated his rights under California Penal Code sections 118.1, 132, 132.5, 182, 240, and 242, and under California Government Code section 910. First, although the court may exercise jurisdiction over state law claims, it will do so only if plaintiff has cognizable claims for relief under federal law. 28 U.S.C. § 1367(a). In this instance, plaintiff's complaint contains no cognizable federal claims. Therefore, even if plaintiff had stated cognizable state law claims, the court would have no jurisdiction over the claims.

Second, a private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). Section 118.1 addresses peace officers who knowingly file false reports, and sections 132 and 132.5 address falsifying evidence. The court has reviewed the penal statutes in question and there is no indication that civil enforcement of any kind is available to plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984).

Accordingly, plaintiff fails to state any claims upon which relief may be granted under state law based on the alleged violations of sections 118.1, 132, and 132.5.

Section 182 addresses conspiracy. Under California law, "[c]ivil conspiracy is not an independent tort." Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1196-97 (C.D.Cal. 2001) (internal quotations and citations omitted). "[I]t is a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Id. at 1197. "[A] claim of civil conspiracy requires the allegation that a group of two or more persons agreed to a common plan or design to commit a tortious act." Id. "[T]he alleged object of the conspiracy must be an independently tortious act, one which on its own provides a cause of action to a plaintiff." Id. Plaintiff has alleged no facts that support the existence of a claim under California law based on the doctrine of civil conspiracy.

Section 240 and 242 address assault and battery. Although plaintiff may pursue claims for the torts of assault and battery under state law, plaintiff has alleged no facts that support a claim that any of the named defendants committed assault and/or battery against plaintiff.

Third, section 910 of the Government Code addresses the presentation of claims. The basis of plaintiff's claim is unclear. Plaintiff's allegations that his attempt to utilize the inmate appeals process was hindered does not give rise to a claim under section 910. Exhaustion of the inmate appeals process is mandated by 42 U.S.C. § 1997e(a), which is a federal statute. California Government Code section 910, which addresses tort claims that must first be presented to government entities, has no bearing on the exhaustion requirement set forth in section 1997e(a). With respect to tort claims under state law, plaintiff must present his claim to the State Board of Control. The presentation of his claim via the inmate appeals process has no bearing on the requirement that the claim be presented to the Board of Control in order to satisfy the Tort Claims Act. Plaintiff's allegations concern the inmate appeals process at the prison. Because exhaustion of state law tort claims involves the utilization of a process different than the inmate appeals process, the court cannot discern how plaintiff's complaints concerning the inmate appeals process provide any basis for the imposition of liability for violation of state law.

///

Finally, in the event that plaintiff chooses to include state law claims in his amended complaint, plaintiff is informed that with respect to the exhaustion of state law claims, the California Tort Claims Act requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 945.4, 950-950.6. To state a tort claim against a public employee, the plaintiff must allege compliance with the Tort Claims Act. Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); McQuoid v. Rubin, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997).

### C. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

1  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and
2  is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
3  1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although
4  federal pleading standards are broad, some facts must be alleged to support claims under section
5  1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

6        Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
7  complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
8  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
9  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
10 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
11 of each defendant must be sufficiently alleged.

12       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

13     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims
14         upon which relief may be granted under section 1983;

15     2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

16     3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
17         amended complaint; and

18     4.    If plaintiff fails to file an amended complaint in compliance with this order, the court
19         will recommend that this action be dismissed, with prejudice, for failure to state a
20         claim upon which relief may be granted.

21

22 IT IS SO ORDERED.

23 **Dated:   August 10, 2005**          /s/ Lawrence J. O'Neill
   b9ed48                                UNITED STATES MAGISTRATE JUDGE
24