# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON YLARDE, | CASE NO. 1:05-CV-00390-OWW-LJO-P |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 12) |
| A. McGRAW, et al., | |
| Defendants. | |

I.     <u>Screening Order</u>

    A.     <u>Screening Requirement</u>

Plaintiff Nelson Ylarde ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 24, 2005. On August 10, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on September 13, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     Plaintiff's Claims

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison, where plaintiff is presently incarcerated. Plaintiff names Warden James A. Yates, former Warden Gail Lewis, former California Department of Corrections Director S. Woodford, A. McGraw, J. Hurl, M. Fogleman, M. Y. Sparkman, R. H. Trimble, V. Ramirez, Nancy Grannis, and T. Surges as defendants.

The claims in this action stem from an incident on May 31, 2003, in which plaintiff was allegedly attacked by inmate Lopez on the yard and injured. Following the attack, plaintiff was

charged in a Rules Violation Report (CDC-115) with mutual combat. Plaintiff was subsequently found guilty of the charge and assessed a ninety day time credit loss. (Attachment F.) In addition, plaintiff lost yard privileges for thirty days. (Id.)

        1.    Section 1983 Claims

            a.    Claim Arising From Attack by Inmate Lopez

Plaintiff alleges an Eighth Amendment claim for relief based on defendants' failure to protect him from harm. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In his amended complaint, plaintiff alleges that his housing placement on Facility D mainline endangered his safety due to his commitment offense, which was known by other inmates, and threats made against him by inmate Lopez, who ultimately attacked plaintiff on the yard. Plaintiff alleges that defendants were made aware of the risk to his safety and his need for placement in protective custody, but failed to take action.

Although lengthy, plaintiff's amended complaint does not sufficiently link each named defendant to the alleged violation of plaintiff's rights under the Eighth Amendment and does not satisfy Federal Rule of Civil Procedure 8(a), which requires a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Plaintiff is attempting to impose liability on a diverse group of defendants, including the former Director of CDC, two wardens, and individuals involved in handling inmate appeals. Liability under section 1983 must be based on a defendant's personal involvement, and liability may not be imposed on supervisory personnel for actions of their subordinates, absent some allegation of personal involvement. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff repeatedly asserts that defendants knew that his safety was endangered but failed to protect him. However, plaintiff fails to allege how defendants were placed on notice that

he was in danger. As a result, there are no allegations supporting plaintiff's conclusory assertion that every named defendant was personally involved in the deprivation of plaintiff's rights, and defendants have not been provided with sufficient notice as to the basis of the claim against them. The court will provide plaintiff with one final opportunity to amend this claim, as it appears that plaintiff will be able to cure this deficiency.

          b.        <u>Claims Arising From Issuance of Rules Violation Report and Disciplinary Proceedings</u>

Plaintiff alleges numerous claims for relief stemming from the issuance of the Rules Violation Report against him and the adjudication of the report, including Eighth Amendment, due process, equal protection, and conspiracy claims. As plaintiff was previously informed, plaintiff may not maintain a claim for relief in this action based on the issuance of the rules violation report or the disciplinary proceedings. Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." <u>Muhammad v. Close</u>, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (applying <u>Heck</u> to a prison disciplinary hearing where good-time credits were affected). Plaintiff lost time credits as a result of being found guilty of mutual combat. Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's claims stemming from the issuance and adjudication of the Rules Violation Report are barred until such time as plaintiff invalidates the result of the disciplinary hearing. Plaintiff has not invalidated the result of his disciplinary hearing. Therefore, these claims are barred.

          c.        <u>Claim Arising From Inmate Appeals Process</u>

Plaintiff alleges a claim for relief arising from the handling of his inmate appeal challenging the issuance and adjudication of the Rules Violation Report for mutual combat. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is

sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff's allegations concerning the handling of his inmate appeal do not give rise to a claim for relief under section 1983. Defendants' consideration and resolution of the appeal simply do not provide a basis upon which to impose liability under section 1983.

### d. Claim Arising From Placement on Modified Program

Plaintiff alleges that he was placed on a modified program, which resulted in the loss of visitation privileges and personal property, and delayed plaintiff's ability to attack his criminal conviction. Although plaintiff alleges that defendants Lewis, Yates, Trimble, Fogelman, Hurl, McGraw, and Sparkman placed him on a modified program, plaintiff's exhibit indicates that he was placed on a modified program by defendant Ramirez. (Attachment O.) Further, it appears that plaintiff was only on modified program for three days. (Id.) Plaintiff's conclusory allegations are insufficient to support any claims for relief under section 1983.

### 2. State Law Conspiracy Claim

Plaintiff alleges a claim for relief for violation of California Penal Code Section 182, which addresses conspiracy. Plaintiff's state law claim arises from his allegation that defendants McGraw,

1 Fogelman, and Hurl conspired to falsely accuse him of mutual combat. (Amend. Comp., 10:1-18.)
2 Plaintiff has not alleged compliance with the California's Tort Claims Act, which requires that a tort
3 claim against a public entity or its employees be presented to the California Victim Compensation
4 and Government Claims Board, formerly known as the State Board of Control, no more than six
5 months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2
6 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions
7 precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d
8 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470,
9 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege
10 compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124,
11 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839
12 F.2d 621, 627 (9th Cir. 1988).

13 In addition, regardless of whether or not plaintiff can cure the aforementioned deficiency,
14 plaintiff may not pursue any state law claims based on the issuance and adjudication of the Rules
15 Violation Report. As set forth in subsection B(1)(b), plaintiff's claims are barred until such time as
16 plaintiff invalidates the result of the disciplinary hearing.

17     C.    Conclusion

18 The court finds that plaintiff's amended complaint does not contain any claims upon which
19 relief may be granted under section 1983. It appears to the court that plaintiff will be able to state
20 a cognizable claim for relief under section 1983 for violation of the Eighth Amendment based on a
21 failure-to-protect theory as long as plaintiff is able to cure the linkage and Rule 8(a) deficiencies
22 identified in this order in subsection B(1)(a). Therefore, the court will provide plaintiff with another
23 opportunity to file a second amended complaint. Plaintiff is cautioned against including in his
24 second amended complaint claims which are not cognizable. Specifically, plaintiff's claims
25 stemming from the issuance and adjudication of the Rules Violation Report for mutual combat
26 should not be included. As has been explained to plaintiff, those claims are barred because plaintiff
27 lost time credits and has not invalidated (overturned) the result of that disciplinary hearing.
28 ///

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and
4. If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    May 17, 2006**          /s/ Lawrence J. O'Neill
b9ed48                                        UNITED STATES MAGISTRATE JUDGE